Leo Kittay (*lkittay@fzlz.com*)
Laura Popp-Rosenberg (*lpopp-rosenberg@fzlz.com*)
Daniel M. Nuzzaci (*dnuzzaci@fzlz.com*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 W. 42nd Street, 17th Floor
New York, New York 10036
Tel: (212) 813-5900

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OVERTIME SPORTS, INC.,<br><br>                               *Plaintiff*,<br><br>          -against-<br><br>DICK'S SPORTING GOODS, INC. and<br>AMERICAN SPORTS LICENSING, LLC,<br><br>                               *Defendants*. | Civil Action No. 1:20-cv-3401 (KAM) (CLP) |

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND**
**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Pursuant to the Lanham Act, 15 U.S.C. § 1125 and Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Overtime Sports, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby applies to this Court for a temporary restraining order to enjoin Defendants Dick's Sporting Goods, Inc. and American Sports Licensing, LLC ("Defendants") from opening any new retails stores under the mark OVERTIME and from advertising, marketing or promoting any such stores, including but not limited to a store set to open in Tempe, Arizona on August 26, 2020. Plaintiff further applies to this Court for an order to show cause for preliminary injunction enjoining Defendants from using the mark OVERTIME in connection with retail store services,

including advertising, marketing or promoting same, pending trial. Defendants currently operate three OVERTIME stores in Connecticut, Pennsylvania and Maryland.

In support of this Application, Plaintiff submits herewith a Complaint, a Memorandum of Law, declarations of Farzeen Ghorashy, William Shanks, Yuoseph Karzoan and Leo Kittay, and the exhibits attached thereto.

In further support of this Application, Plaintiff states:

1. As more fully set forth in the Complaint, Plaintiff is the owner of the mark OVERTIME used in connection with sports entertainment content since at least as early as 2016 and in connection with retail store services featuring clothing and accessories since at least as early as 2018.

2. It has recently come to Plaintiff's attention that Defendants have opened three OVERTIME retail stores in Plainville, Connecticut; Hagerstown, Maryland; and Philadelphia, Pennsylvania, as set out fully in the Complaint filed in this action.

3. After Plaintiff filed the Complaint, Defendant announced that a fourth OVERTIME store would be opened in Tempe, Arizona on August 26, 2020.

4. Defendants' OVERTIME stores are entirely unauthorized and confusingly similar to Plaintiff's OVERTIME store and its other OVERTIME goods and services.

5. The Proposed Order is authorized by the federal Lanham Act, 15 U.S.C. § 1116(a) and the All Writs Act, 28 U.S.C. § 1651.

6. There is a strong probability that Plaintiff will prevail on the merits of its claims of false designation of origin and trademark infringement under federal and/or state law. Defendants' actions are likely to cause confusion or mistake or to deceive consumers and the public as to the affiliation, connection or association between Defendants and Plaintiff, and/or as

to the origin, sponsorship or approval of Defendants' products; and to dilute the ability of Plaintiff's OVERTIME mark to identify Plaintiff and its services and goods exclusively.

7. Defendants' continued use of the OVERTIME mark poses a clear and substantial threat of irreparable harm to Plaintiff because (a) Plaintiff will lose its ability to control its reputation embodied by and associated with its OVERTIME mark; (b) the value of OVERTIME as exclusively designating Plaintiff will be destroyed by Defendants' actions; (c) the value of Plaintiff's OVERTIME brand will be diminished by association with Defendants' deep discount stores and clearance merchandise; (d) Plaintiff's relationships with other sports brands will be harmed; and (e) Plaintiff has no remedy at law against Defendants. Issuance of the requested temporary restraining order is in the public interest to protect the public against confusion, deception, and mistake.

8. The harm to Plaintiff of denying this Application outweighs the harm to Defendants of granting it. Through the application for a temporary restraining order, Plaintiff seeks only to maintain the status quo by preventing Defendants from opening any new stores under the OVERTIME mark until such time as Plaintiff's request for a preliminary injunction can be heard. Plaintiff is prepared to post a bond to provide security to protect Defendants' interest, as may be required.

9. Notice was provided to Defendants by service of the Application, the supporting Memorandum of Law, the supporting declarations of Farzeen Ghorashy, William Shanks, Yuoseph Karzoan and Leo Kittay, and the exhibits attached thereto, by electronic mail to counsel for Defendants on the same day the Application was filed. Defendants already received a copy of the Complaint on July 31, 2020.

10. A temporary restraining order is necessary to achieve the purpose of 15 U.S.C. § 1125(a), to protect the public from confusion and mistake, and to protect Plaintiff from immediate irreparable injury. No other order is adequate to achieve this purpose.

11. Plaintiff has complied with all statutory requirements necessary for the issuance of a temporary restraining order under 15 U.S.C. § 1116(a).

For all the foregoing reasons, Plaintiff respectfully requests that its application for a temporary restraining order and order to show cause for a preliminary injunction be granted in all respects.

Dated: New York, New York
August 11, 2020

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
Leo Kittay (*lkittay@fzlz.com*)
Laura Popp-Rosenberg (*lpopp-rosenberg@fzlz.com*)
Daniel M. Nuzzaci (*dnuzzaci@fzlz.com*)
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel: (212) 813-5900

*Attorneys for Plaintiff Overtime Sports, Inc.*